IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JOSH J. ST. JOHN,                  )
                                             )
            Plaintiff,             )    TC-MD 190256R
                                             )
        v.                        )
                                             )
DEPARTMENT OF REVENUE,     )
State of Oregon,                  )
                                           )
           Defendant.       )    **DECISION**

Plaintiff appealed Defendant's Notice of Assessment, dated May 10, 2019, for the 2015 tax year. A telephone trial was held on November 27, 2019. Josh St. John (St. John) testified on his own behalf of Plaintiff. Morgan Brown appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 to 9 and Defendant's Exhibits A to E were received into evidence without objection.

## I. STATEMENT OF FACTS

St. John started working for Union Pacific Railroad as a brakeman/conductor in 2011. (Ex 7). He received his initial training in Klamath Falls where he also resides. After completing his training, the employer designated St. John's home station as Klamath Falls but gave him work assignments based on his seniority with the company. During the 2015 tax year, St. John was assigned to start work in either Eugene, Oregon or Dunsmuir, California. Each workday, St. John would drive to the start location, perform work as a brakeman or conductor, and take the train to Klamath Falls. The trip would take from four to ten hours depending on rail traffic. When he reached Klamath Falls, St. John would go home for his federally mandated rest period. The next day, he would board a train in Klamath Falls, return to his previous starting location, and then drive back home. St. John commuted to work starting locations in 2015 as follows:

| Location | Dates |
|----------|-------|
| Eugene | January 1 to February 15 |
| Dunsmuir | February 16 to May 20 |
| Eugene | May 22 to July 13 |
| Dunsmuir | July 14 to September 5 |
| Eugene | September 6 to November 22 |
| Dunsmuir | November 23 to December 30 |

St. John recorded his travel miles from his home to Eugene at 170 miles per trip and to Dunsmuir at 90 miles per trip and maintained a "fairly contemporaneous" log of his driving. (Ex 2.) St. John claimed a total of 36,223 business miles on his 2015 tax return, while his mileage log for that year documents 37,891 business miles. (Exs 1 at 4; 2 at 16.) St. John submitted two letters from a senior timekeeper with Union Pacific stating that he was not entitled to auto mileage reimbursement from the employer for traveling to his work starting locations. (Exs 3, 4.)

## II. ANALYSIS

The issue to be decided is whether Plaintiff is eligible for a mileage deduction for his daily travel between his home and two different work locations during the 2015 tax year.[1] Because Oregon taxable income is identical to federal taxable income on this issue, the court looks to the Internal Revenue Code (IRC) and its administrative and judicial interpretations. *See* ORS 316.022(6); 316.032(2).[2]

IRC section 162(a) allows deductions for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" Conversely, IRC section 262(a) disallows deductions for "personal, living, or family expenses."

/ / /

---

[1] For purposes of this trial, St. John elected to not contest other deductions adjusted by Defendant.

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

A.    *Availability of Mileage Reimbursement*

For mileage expenses to be deductible, the taxpayer must not have received reimbursement and must not have the right to obtain reimbursement from his or her employer. *Orvis v. Comm'r*, 788 F2d 1406, 1408 (9th Cir 1986).

Defendant asserts that St. John may have had a right to reimbursement from his employer for his commuting mileage from his home in Klamath Falls to Eugene, Oregon and Dunsmuir, California, and that he failed to make the request from his employer. However, the court finds the testimony of St. John together with two letters from his employer showed that St. John was not eligible for reimbursement for his commuting miles during the 2015 tax year.

B.    *Deductibility for Cost of Transport to Work Locations*

Generally, a taxpayer's costs of commuting between their residence and place of work are nondeductible personal expenses under IRC sections 162(a)(2), 262(a), and Treas Reg §1.162-2(e); *See also Comm'r v. Flowers*, 326 US 465, 66 S Ct 250, 90 LEd 203 (1946). There are a few exceptions to this general rule. Relevant to this case is an exception that provides: "If a taxpayer has one or more regular work locations away from the taxpayer's residence, the taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a *temporary* work location in the same trade or business, regardless of the distance." Rev Rul 99-7 (emphasis in original).

St. John argues that his regular work location, as designated by his employer, is Klamath Falls and the two work locations he commuted to in 2015 were temporary because he did not commute to each one of them for more than a year. Defendant argues that the two work locations were also regular work locations.

/ / /

Revenue Ruling 99-7 defines the term 'temporary' as follows:

"If employment at a work location is realistically expected to last (and does in fact last) for 1 year or less, the employment is *temporary in the absence of facts and circumstances indicating otherwise*. If employment at a work location is realistically expected to last for more than 1 year *or there is no realistic expectation that the employment will last for 1 year or less*, the employment is *not temporary,* regardless of whether it actually exceeds 1 year."

(Emphasis modified from original). St. John's testimony indicates that he will continue to work the Dunsmuir to Klamath Falls and Eugene to Klamath Falls routes until he has more seniority to obtain other assignments. Because St. John is seeking affirmative relief, he bears the burden of proof for evidentiary matters. ORS 305.427. Nothing in St John's testimony or the exhibits negates the likelihood that the two assignments he worked during the tax year in issue were realistically expected to last at least 1 year. St. John has not met his burden of proof. Thus, the court finds that each of the three work locations: Dunsmuir, Eugene, and Klamath Falls were regular work locations. Revenue Ruling 90-23 provides relevant guidance:

"A taxpayer may be considered as working or performing services at a particular location on a regular basis whether or not the taxpayer works or performs services at that location every week or on a set schedule. Thus, for example, daily transportation expenses incurred by a doctor in going between the doctor's residence and one or more offices, clinics, or hospitals at which the doctor works or performs services on a regular basis are nondeductible commuting expenses."

Rev Rul 90-23, 1990-1 CB 28, modified and superseded by Rev Rul 99-7, 1999-1 CB 361 regarding the definition of temporary work location; *See also Marcum v. Dept. of Rev.*, TC-MD 150414N, 2016 WL 1688425 at *5 (Or Tax M Div Apr 25, 2016) (noting that if a taxpayer has multiple regular work locations, they may deduct transportation expenses from residence only to a temporary work location). Daily transportation incurred by St. John in going between his residence and more than one regular places of business were nondeductible personal commuting expenses under IRC section 262.

### III. CONCLUSION

St. John has not persuasively shown that his travel to two work locations were temporary places of business. Instead, the court finds the two locations were regular places of business. Transportation expenses traveling from home to regular work locations were nondeductible personal commuting expenses under IRC section 262. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of May, 2020.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on May 11, 2020.*